## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PAUL GALLAND, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 23-3392**

**HARVEY GULF INTERNATIONAL**                **SECTION: D (5)**
**MARINE, LLC, ET AL.**

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment Dismissing Plaintiffs' Claims for Nonpecuniary Damages, filed by Defendants Harvey Gulf International Marine, LLC, HGIM Corp., and Harvey Energy, LLC.[1] Paul Galland and Brennan Cubbedge ("Plaintiffs") oppose the Motion,[2] and Defendants have filed a reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.[4]

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of an alleged liquid natural gas ("LNG") explosion on the PSV[5] HARVEY ENERGY on April 28, 2023.[6] Plaintiffs allege the following facts in their Complaint.[7] The PSV HARVEY ENERGY was built in 2015 as a tri-fuel vessel, making the vessel capable of operating by using battery power, diesel fuel, or LNG.[8]

---

[1] R. Doc. 46.
[2] R. Doc. 63. Plaintiffs initially filed an opposition that was marked deficient at R. Doc. 61.
[3] R. Doc. 62.
[4] R. Doc. 46.
[5] PSV is short for platform supply vessel.
[6] R. Doc. 1.
[7] *Id.*
[8] *Id.* at p. 4.

The PSV HARVEY ENERGY has five decks, in which the vessel's engines vent on the funnel deck – the vessel's fifth deck – located "atop [of] the bridge[]" of the vessel.[9]

On or about April 28, 2023, the PSV HARVEY ENERGY was located at the Harvey dock in Port Fourchon, Louisiana.[10] The vessel's crew was preparing the vessel for an upcoming inspection from the United States Coast Guard.[11] During such preparation, the PSV HARVEY ENERGY was operating off LNG for roughly 12 hours prior to the explosion.[12] On the morning of the incident, Paul Galland and Brennan Cubbedge were working as deckhands on the PSV HARVEY ENERGY.[13] Galland and Cubbedge were directed by Bill Darnell, Captain of the PSV HARVEY ENERGY, to perform "hot work" on the lower mast platform of the vessel.[14] Plaintiffs "hot work" entailed "chipping and griding [sic] the mast halfway down to the funnel deck, using needle guns to grind and chip the paint, and wash down guns to wash the deck as they went."[15] Plaintiffs continued to engage in hot work until breaking for lunch in the early afternoon.[16]

After returning from their lunch break, Galland and Cubbedge noticed that one of the wash down guns was not properly operating.[17] Galland went to look for another wash down gun while Cubbedge remained at the lower mast platform and

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at pp. 4–5.
[13] *Id.* at p. 5.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

continued to work.[18] At this time, Galland was standing near one of the LNG vents on the funnel deck when he attempted to light a cigarette.[19] The spark from his lighter resulted in an LNG explosion on the PSV HARVEY ENERGY,[20] engulfing Galland in flames and triggering a second explosion.[21] In the aftermath of the explosions, both Galland and Cubbedge ran for safety.[22] Galland jumped to the bridge deck below, breaking his right leg.[23] Galland subsequently crawled to the "starboard side back door of the bridge" to flee to safety.[24] Similarly, "Cubbedge also tried to flee to safety, jumping to the funnel deck, then hoisting himself onto the visor over the bridge below, and sliding down the visor near the bow."[25] Plaintiffs were then transported via helicopter to the University Medical Center in New Orleans to receive medical treatment.[26] Galland and Cubbedge both suffered serious and debilitating burns and injuries throughout their bodies.[27]

On August 14, 2023, Plaintiffs filed suit seeking to recover pursuant to various causes of action, including Jones Act negligence and gross negligence,

---

[18] *Id.*

[19] *Id. See* R. Doc. 53-2.

[20] The Court notes that Galland's admission as to the cause of the fire conflicts with Plaintiffs' contention in their Complaint that "[u]pon information and belief, the explosions and subsequent fire were caused by a leak of LNG on to the funnel deck due to a faulty purge valve on the #1 LNG engine." R. Doc. 1 at p. 6. This conflict does not change the analysis or ruling on this Motion.

[21] *Id.* at p. 5.

[22] *Id.*

[23] *Id.*

[24] *Id.* at p. 6.

[25] *Id.*

[26] *Id.*

[27] Plaintiffs specifically allege that "[a]s a result of the incident, Mr. Galland suffered serious and debilitating burns and injuries to his entire body, including, but not limited to, his face, chest, abdomen, back, neck, arms, hands, and legs[]" and that "[a]s a result of the incident, Mr. Cubbedge suffered serious and debilitating burns and injuries to his body including, but not limited to, his eyes, face, neck, back, hands, and legs." R. Doc. 1 at p. 6.

unseaworthiness, spoliation of evidence, and maintenance and cure.[28] Plaintiffs seek a wide array of damages from defendants, including nonpecuniary damages.[29] Relevant to this Motion, Plaintiffs seek to recover nonpecuniary damages in the form of past, present, and future discomfort, permanent disability and disfigurement, emotional distress/mental anguish, and loss of enjoyment of life.[30]

On July 21, 2025, Defendants filed the underlying Motion for Partial Summary Judgment Dismissing Plaintiffs' Claims for Nonpecuniary Damages.[31] Relying on the Supreme Court's decision in *Miles v. Apex Marine Corp.*[32] and the Fifth Circuit's decision in *McBride v. Estis Well Serv., LLC,*[33] Defendants maintain that Plaintiffs, as Jones Act seamen, are barred from recovering any nonpecuniary damages.[34] Thus, according to Defendants, Plaintiffs' claims for nonpecuniary damages are barred as a matter of law.[35] In response, Plaintiffs agree that they, as Jones Act seamen, are barred from recovering nonpecuniary damages as a matter of law.[36]

---

[28] R. Doc. 1 at pp. 8–12. Defendants have a pending Motion for Summary Judgment on the spoliation of evidence cause of action. *See* R. Doc. 44.  The Court will issue a ruling on that Motion following this Order and Reasons.

[29] *Id.* In their Complaint, Plaintiffs seek damages for the following: "[p]ast, present, and future maintenance and cure until Mr. Galland [and Mr. Cubbedge] [have] reached maximum medical improvement[;] [p]ast, present, and future lost wages and/or loss of earning capacity[;] [p]ast, present, and future physical pain and suffering, discomfort, and permanent disability and disfigurement[;] [p]ast, present, and future emotional distress/mental anguish[;] [p]ast, present, and future medical and pharmaceutical expenses[;] [p]ast, present, and future loss of enjoyment of life[;] [m]aintenance and cure, both past and future[;] [p]unitive damages as allowed by law; and [] [a]ll other past, present, and future special and general damages as will be shown at the trial of this matter." *Id.* at p. 13.

[30] R. Doc. 1 at p. 13.

[31] R. Doc. 46.

[32] 498 U.S. 19 (1990).

[33] 768 F.3d 382 (5th Cir. 2014).

[34] R. Doc. 46-1 at pp. 5–6

[35] *Id.*

[36] R. Doc. 63 at p. 1.

Plaintiffs argue, "[w]hile Plaintiffs agree the Jones Act does not permit separate damage awards for discomfort, permanent disability and disfigurement, evidence of these injury aspects would certainly be relevant to support their physical pain and suffering claims."[37] Further, Plaintiffs allege that despite being barred from recovering nonpecuniary damages, they should be "permitted to put on evidence of scarring, disfigurement, disability, mental anguish and emotional distress because these make up significant aspects of Plaintiffs' pain and suffering claims, even if separate line item damage awards are not allowed under the Jones Act."[38] Plaintiffs' contend:

> Therefore, Defendants' Motion for Summary Judgment should be viewed only as a means of reducing spaces on an ultimate jury verdict form—not prohibiting admissible evidence of the entirety of Plaintiffs' pain and suffering. In other words, the evidence of these categories of damages is still relevant and admissible, despite Plaintiffs not being allowed to recover separate amounts for them.[39]

Finally, Plaintiffs argue that they have suffered "tremendous psychological injuries as a result of the explosion aboard the M/V Harvey Energy, including post-traumatic stress disorder (PTSD), depression, and anxiety, as well as traumatic brain injuries."[40] Plaintiffs, however, assert that their claims for emotional distress/mental anguish are compensable, as the law allows for recovery for emotional damages under the zone of danger theory.[41]  Plaintiffs specifically point to numerous decisions from

---

[37] R. Doc. 63 at p. 3.
[38] *Id.* at p. 6.
[39] *Id.* at pp. 3–4.
[40] *Id.* at p. 4.
[41] *Id.* at pp. 4–5.

Louisiana appellate courts where such courts allowed Jones Act seamen to recover for mental anguish related to PTSD.[42]

In Reply, Defendants first maintain that they do not seek an evidentiary ruling on what evidence Plaintiffs may provide at trial, nor does it seek dismissal of Plaintiffs' physical pain and suffering claims.[43] Instead, Defendants allege that they seek summary judgment on "Plaintiffs' claims for separate damages for past, present, and future: discomfort, permanent disability and disfigurement; emotional distress/mental anguish; and loss of enjoyment of life; as well as spoliation of evidence; punitive damages; and all other separate nonpecuniary damages that Plaintiffs included in their initial Complaint or that they might argue for at trial."[44] As a final point, Defendants refute Plaintiffs' assertion that emotional distress/mental anguish damages constitute nonpecuniary damages by pointing to recent decisions from other sections of this Court.[45]

## II.    LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[46] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that

---

[42] *Id. See Smith v. Tidewater, Inc.*, 918 So.2d 1 (La. Ct. App. 4th Cir. 2005); *Nielsen v. Northbank Towing, Inc.*, 768 So.2d 145 (La. Ct. App. 1st Cir. 2000).
[43] R. Doc. 62 at p. 2.
[44] *Id.* (emphasis removed).
[45] *Id.* at p. 4.
[46] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

there is no such genuine issue of material fact.[47]  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[48]  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[49]  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[50]  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[51]

### III.    ANALYSIS

As an initial matter, the parties do not dispute that Plaintiffs are prohibited from recovering nonpecuniary damages in this Jones Act matter.[52]  Plaintiffs, however, contend that emotional distress/mental anguish claims are pecuniary damages available to the physically injured seamen plaintiffs, as opposed to non-pecuniary damages, thereby entitling them to recover for such claims.[53]  Therefore,

---

[47] *Celotex Corp.*, 477 U.S. at 322.
[48] *Anderson*, 477 U.S. at 248.
[49] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[50] *Celotex Corp.*, 477 U.S. at 323.
[51] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[52] *See* R. Docs. 46, 62, and 63.
[53] R. Doc. 63 at pp. 4–5.

the sole issue before the Court is whether Plaintiffs' claims for emotional distress/mental anguish are considered pecuniary damages. In this matter, the Court finds that they are.

A pecuniary loss or damage is "one which can be measured by some standard. It is a term employed judicially, not only to express the character of that loss to the beneficial plaintiffs which is the foundation of their right of recovery, but also to discriminate between a material loss which is susceptible of a pecuniary valuation, and that inestimable loss of the society and companionship of the deceased relative upon which, in the nature of things, it is not possible to set a pecuniary valuation."[54]

"In *McBride*, the Fifth Circuit confirmed that, under both the Jones Act and general maritime law, a seaman's damages for personal injury are limited to pecuniary losses."[55] "Damages for pain and suffering are properly categorized as pecuniary damages."[56] An "'award for pain and suffering may include a sum for mental anguish and physical discomfort, and for the mental and physical effects of the injury on the plaintiff's ability to engage in those activities which normally contribute to the enjoyment of life.'"[57] "[A]ny amount awarded for pain and suffering depends to a great extent on the trial court's observation of the plaintiff and its subjective determination of the amount needed to achieve full compensation."[58]

---

[54] *Michigan Cent. R. Co. v. Vreeland*, 227 U.S. 59, 71 (1913).

[55] *Sanders v. Weeks Marine, Inc.*, No. CV 23-7317, 2024 WL 4346515, at *3 (E.D. La. Sept. 30, 2024) (Ashe, J.) (citing *McBride*, 768 F. 3d at 389).

[56] *Hudson v. Diamond Offshore Management Company*, Civil Action No. 24-1240, 2025 WL 2419722, at *2 (E.D. La. Aug. 21, 2025)(Milazzo, J.)(citation modified).

[57] *Matter of Lasala*, 644 F.Supp.3d 245, 275 (E.D. La. Dec. 7, 2022)(Vitter, J.)(quoting *Associated Terminals of St. Bernard, LLC v. Potential Shipping Hk Co. Ltd.*, 324 F.Supp.3d 808, 825 (E.D. La. Mar. 28, 2018)(Africk, J.)).

[58] *Hyde v. Chevron U.S.A., Inc.*, 697 F.2d 614, 623 (5th Cir. 1983).

In *Hagerty v. L & L Marine Servs., Inc.*, the Fifth Circuit, citing and relying on previous Fifth Circuit decisions, held "[c]ourts have long allowed plaintiffs to recover for psychic and emotional harm in Federal Employers' Liability Act or Jones Act/maritime cases."[59] The court went on to advise, "[i]ndeed, these statutes are intended to provide broad coverage for all work-related 'injuries,' whether characterized as mental or physical."[60] Similarly, in *Gough v. Natural Gas Pipeline Co. of America*, the Fifth Circuit held "'[b]eyond question, purely emotional injuries will be compensated when maritime plaintiffs satisfy the 'physical injury or impact rule.'"[61] As stated by the Fifth Circuit,:

> The impact or injury rule is an arbitrarily stated rule with important functions. One purpose is to provide courts with an objective means of ensuring that the alleged mental injury is not feigned. A more important purpose of the rule is to provide a principled basis for limiting liability. Traumatic events may cause foreseeable emotional distress through a broad range of time and space. Jurisdictions that apply expansive recovery rules such as the bystander theory must depend upon proximate cause to define the boundary of liability. We are wary of such ad hoc adjudication and prefer predictable rules for the determination of liability. The bright line impact or injury rule performs a similar function.[62]

Thus, "[u]nder general maritime law, a plaintiff may recover for emotional injury provided there is some physical contact."[63]

Here, Plaintiffs allege that they suffer from numerous psychological injuries stemming from the LNG explosion on the PSV HARVEY ENERGY and their

---

[59] *Hagerty v. L & L Marine Servs., Inc.*, 788 F.2d 315, 318 (5th Cir. 1986).
[60] *Id.*
[61] *Gough v. Natural Gas Pipeline Co. of America*, 996 F.2d 763, 765 (5th Cir. 1993)(quoting *Plaisance v. Texaco, Inc.*, 966 F.2d 166, 168–69 (5th Cir.1992)).
[62] *Id.* at 765–66.
[63] *Wunstell v. BP, P.L.C.*, No. 23-30859, 2024 WL 4100496, at *4 (5th Cir. Sept. 6, 2024)(citation modified).

resulting physical injuries.[64] Plaintiffs specifically contend that they suffer from post-traumatic stress disorder ("PTSD"), depression, anxiety, and other traumatic brain injuries when they were physically injured from the explosion.[65] Accordingly, the Court finds that, at this juncture, Plaintiffs could conceivably compel a jury to conclude that they are entitled to pecuniary damages for their emotional distress/mental anguish claims.[66] The Court therefore declines to grant summary judgment solely as it pertains to Plaintiffs' emotional distress/mental anguish claims.

Accordingly, the Court finds that Plaintiffs' claims for emotional distress/mental anguish are pecuniary damages, thereby entitling Plaintiffs to the possibility of recovering these damages.[67] However, as noted, the parties agree that Plaintiffs are not entitled to recover nonpecuniary damages in the form of past,

---

[64] R. Doc. 1 at p. 13; R. Doc. 63 at p. 4.

[65] R. Doc. 63 at p. 4. To the extent that Plaintiffs claim that they satisfy the "zone of danger" test, the Fifth Circuit has "repeatedly declined to adopt or preclude the zone-of-danger theory for general maritime law." *Wunstell*, 2024 WL 4100496, at *4 (citation modified). Therefore, the Court need not reach this issue.

[66] The Court notes Defendants' reliance on *Sanders v. Weeks Marine, Inc.*, No. CV 23-7317, 2024 WL 4346515, at *3 (E.D. La. Sept. 30, 2024) and *Hudson v. Diamond Offshore Mgmt. Co.*, No. CV 24-1240, 2025 WL 1423681 at *2–3 (E.D. La. May 16, 2025). The Court finds each case distinguishable on separate grounds. In *Sanders*, the court noted that "[o]ther sections of this court have since routinely followed *McBride* in similar cases to exclude nonpecuniary damages such as loss of enjoyment of life and mental anguish and punitive damages and loss of consortium[.]" *Sanders*, 2024 WL 4346515, at *3. But those decisions classified mental anguish as nonpecuniary in the *wrongful death* context, as opposed to the *personal injury* context. *See In re Adriatic Marine, LLC*, 2022 WL 1239950, at *2 (E.D. La. Apr. 27, 2022); *Lewis v. Noble Drilling Services, Inc.*, Civil Action No. 15-1018, 2016 WL 3902597, at *4 (E.D. La. July 19, 2016). Furthermore, as to Defendants' reliance on *Hudson*, Judge Milazzo granted a Motion to Alter or Amend Judgment on August 21, 2025, in which the court found that a plaintiff's emotional and mental pain and suffering claims were, in fact, pecuniary damages under Fifth Circuit precedent. *See Hudson v. Diamond Offshore Management Company*, Civil Action No. 24-1240, 2025 WL 2419722, at *2 (E.D. La. Aug. 21, 2025)(Milazzo, J.) As a final point, the undersigned has previously found that an award for pain and suffering, which Plaintiffs are allowed to recover as pecuniary damages, include claims for mental anguish. *See Matter of Lasala*, 644 F.Supp.3d at 275.

[67] *See, e.g., Vaughn v. American Commercial Barge Line*, 672 F.Supp.3d 184, 192 (E.D. La. May 12, 2023)(Barbier, J.)("An injured seaman is also entitled to recover damages for his physical injury including pain, suffering, *mental anguish*, physical discomfort, and inconvenience and for the mental and physical effects of the injury on his ability to engage in those activities which normally contribute to the enjoyment of life.")(citation modified)(emphasis added).

present, and future: discomfort, permanent disability, and disfigurement and loss of enjoyment of life.[68] Further, to the extent Plaintiffs essentially ask for an evidentiary ruling as to whether they may "put on evidence of scarring, disfigurement, disability, mental anguish and emotional distress"[69] at trial, the Court finds that Plaintiffs are allowed to present evidence of mental anguish and emotional distress at trial in light of this ruling. The Court, however, refrains from ruling on whether Plaintiffs may put on evidence of scarring, disfigurement, and disability at this juncture. The Court will rule on such question upon objections properly made at trial.

### IV. CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment[70] is **GRANTED IN PART** and **DENIED IN PART.**

New Orleans, Louisiana, September 12, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[68] To the extent Plaintiffs seek to recover damages for punitive damages, the Court has determined that Plaintiffs are not entitled to recover for such damages. *See* R. Doc. 59.
[69] R. Doc. 63 at p. 6.
[70] R. Doc. 46.