**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PAUL GALLAND, ET AL.**                        **CIVIL ACTION**

**VERSUS**                                      **NO. 23-3392**

**HARVEY GULF INTERNATIONAL**                   **SECTION: D (5)**
**MARINE, LLC, ET AL.**

## <u>ORDER AND REASONS</u>

Before the Court is a Motion in *Limine* to Limit Testimony of Dr. Darren Buono to that of a Fact Witness, to Exclude any Expert Opinions, and to Prevent any Mentions of his MRI Report, filed by Harvey Gulf International Marine, LLC, HGIM Corp., and Harvey Energy, LLC ("Defendants").[1]  Paul Galland and Brennan Cubbedge ("Plaintiffs") oppose the Motion,[2] and Defendants have filed a Reply.[3]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED in part and DEFERRED in part.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In the interest of judicial economy, and because the factual and procedural background of this case was extensively detailed in the Court's September 12, 2025 Order and Reasons,[4] the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

---

[1] R. Doc. 51.
[2] R. Doc. 86.
[3] R. Doc. 96.
[4] R. Doc. 111.

This matter concerns a liquid natural gas explosion aboard the PSV HARVEY ENERGY, allegedly injuring Plaintiffs Paul Galland and Brennan Cubbedge.[5] Cubbedge alleges that he suffered a traumatic brain injury ("TBI") as a result of the explosion on the PSV HARVEY ENERGY.[6] On August 23, 2024, Patrick Hayes, M.D., Board Certified Psychiatrist, opined that Cubbedge suffered a TBI without loss of consciousness resulting from the incident.[7] Dr. Hayes specifically stated that "at the level of reasonable medical certainty, Mr. Cubbedge's Traumatic Brain Injury diagnosis was caused by the effects of the maritime fire, namely his falls, in April 2023."[8] Cubbedge subsequently saw Dr. Robert Thomas, Adult Psychiatrist, at University Medical Center for treatment.[9] Dr. Thomas referred Cubbedge to undergo MRI testing on March 21, 2025.[10]

Dr. Darren Buono, a radiologist, issued a report following Cubbedge's MRI finding that Cubbedge's brain injuries are most likely consistent with brain trauma.[11] Dr. Buono specifically stated that "[w]ithin a reasonable degree of medical certainty, the observed [Susceptibility-Weighted Imaging] microbleeds and hemosiderin deposition are most consistent with traumatic axonal injury. The distribution, morphology, and nature of these findings, in the absence of alternative pathological markers, strongly support trauma as the most likely etiology."[12] The information

---

[5] R. Doc. 1.
[6] R. Doc. 85 at p. 2.
[7] R. Doc. 85-5 at pp. 23–24.
[8] *Id.* at p. 27.
[9] R. Doc. 85 at p. 3.
[10] *Id.*
[11] R. Doc. 51-2 at p. 2.
[12] *Id.*

obtained by the MRI testing was further reviewed by Jeffrey D. Lewine, Ph.D.[13] Dr. Lewine issued a Results and Neuroscientific Impressions report on April 2, 2025.[14] In his Report, Dr. Lewine opined that Cubbedge's Diffusion Tensor Imaging ("DTI") data was consistent with that of a patient who suffered from a TBI.[15] Dr. Lewine incorporated Dr. Buono's MRI report into his own Results and Neuroscientific Impressions report.[16]

On August 4, 2025, Defendants filed the instant Motion in *Limine* to Limit Testimony of Dr. Darren Buono to that of a Fact Witness, to Exclude any Expert Opinions, and to Prevent any Mentions of his MRI Report.[17] Defendants' Motion is based on three grounds. First, Defendants maintain that "[a]ll evidence and testimony related to Dr. Buono's MRI report should be excluded for failure to comply with Rule 26[]"[18] as a retained expert under Rule 26(a)(2)(B).[19] Even if Dr. Buono is considered a non-retained expert, Defendants assert that Plaintiffs failed to comply with Rule 26(a)(2)(C).[20]

Second, Defendants contend that "[a]ny mention of Dr. Buono's MRI report, conclusions, and opinions should be excluded under Rule 702[]"[21] because such evidence will not assist the jury understand scientific evidence or determine a factual

---

[13] *Id.*
[14] R. Doc. 50-11 at p. 1.
[15] *Id.*
[16] R. Doc. 51-2 at p. 1.
[17] R. Doc. 51.
[18] R. Doc. 51-1 at p. 4.
[19] *Id.* at p. 5.
[20] *Id.*
[21] *Id.* at p. 7.

issue.[22] Third, Defendants aver that Dr. Buono's "vague opinions are not tied to causation in this case and are irrelevant under Rule 401 and should be excluded under the balancing test in Rule 403[]"[23] since the minimal probative value of Dr. Buono's testimony is substantially outweighed by the danger of misleading the jury and confusion of the issues.[24]

Plaintiffs oppose the Motion.[25] Plaintiffs first allege that "Dr. Buono's testimony would have been that of a treating physician, not a retained expert[,]" thereby falling under the purview of Rule 26(a)(2)(C) as opposed to Rule 26(a)(2)(B).[26] Next, Plaintiffs maintain that because Dr. Buono's opinions were disclosed as a part of Dr. Lewine's expert report, Defendants had the opportunity to depose Dr. Buono, thereby eliminating any surprise or prejudice against the Defendants.[27] Third, and importantly for determination of this Motion, Plaintiffs advise the Court that they "never intended to call Dr. Buono as a trial witness"[28] and still do "not intend to call Dr. Buono to testify. The only circumstance in which the jury would hear from Dr. Buono is if Defendant [sic] chooses to call him."[29]

As a final point, Plaintiffs state that the exclusion of Dr. Buono's MRI report would deprive the jury of relevant evidence.[30] Plaintiffs advance that "[i]f defendants can credibly argue that they are truly prejudiced by the introduction of Dr. Buono's

---

[22] *Id.*
[23] *Id.* at p. 2.
[24] *Id.* at p. 9.
[25] R. Doc. 86.
[26] *Id.* at p. 4.
[27] *Id.*
[28] *Id.* at p. 2 (emphasis removed).
[29] *Id.* at p. 5.
[30] *Id.*

report as a certified medical record and attachment to Dr. Lewine's expert report and reliance material, plaintiffs suggest a quick deposition of Dr. Buono via Zoom to ensure defendants fully understand the MRI report."[31] Further, Plaintiffs claim that if the Court "determines additional disclosure is required, the proper remedy is not exclusion, but supplementation with a Rule 26(a)(2)(C) summary[.]"[32] In sum, Plaintiffs aver that "[t]he inadvertent listing of Dr. Buono as a fact witness as opposed to a non-retained expert treating physician per Rule 26(a)(2)(C) does not justify the wholesale exclusion of the MRI report from evidence at the upcoming [j]ury [t]rial of this matter."[33]

Defendants filed a Reply.[34] Defendants assert that the Court should issue an order "noting Dr. Buono will not testify at trial in either a lay or expert capacity[]" considering Plaintiffs' representation that they do not intend to call Dr. Buono as a trial witness.[35] Defendants further reiterate that the Court should "exclude Dr. Buono's MRI report, conclusions, and opinions as well as any mention by Jeffrey Lewine, Ph.D. or any other witness of Dr. Buono's MRI report, conclusions, and opinions."[36]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under

---

[31] *Id.*
[32] *Id.*
[33] *Id.* at p. 6.
[34] R. Doc. 96.
[35] *Id.* at p. 1.
[36] *Id.* at p. 3.

Federal Rule of Evidence 702, 703, or 705."[37]    Rule 26 distinguishes between witnesses who are retained or specially employed to give expert testimony and those who are not retained or specially employed, but who may nonetheless testify as a fact witness and also provide expert testimony.[38]    According to Rule 26(a)(2)(B), if a witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the witness must provide an expert report.    Rule 26(a)(2)(C), titled "Witnesses Who Do Not Provide a Written Report[,]" provides the following:

> Unless otherwise stipulated or ordered by the Court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705; and
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.[39]

"Rule 26(a)(2)(C) was added to 'mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions.'"[40]    These disclosures must be made in accordance with the deadlines set in the court's scheduling orders or, absent

---

[37] Fed. R. Civ. P. 26(a)(2)(A).

[38] Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendments; *Tajonera v. Black Elk Energy Offshore Operations, LLC*, Civ. A. No. 13-0366 c/w 13-0550, 13-5137, 13-2496, 13-5508, 13-6413, 14-374, 14-1714,  2016 WL 3180776, at *7 (E.D. La. June 7, 2016) (Brown, J.) (citing *Rea v. Wis. Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *2 (E.D. La. Oct. 3, 2014) (Duval, J.)).

[39] Fed. R. Civ. P. 26(a)(2)(C).

[40] *Tajonera*, Civ. A. No. 13-0366, 2016 WL 3180776 at *7 (*quoting* Fed. R. Evid. 26(a)(2)(C), Advisory Committee Notes to 2010 Amendments).  The Court notes that the *Tajonera* court's reference to Fed. R. Evid. 26(a)(2)(C) appears to be a typographical error and an intended reference to Fed. R. Civ. P. 26(a)(2)(C).

a stipulation or a court order, at least 90 days before trial or within 30 days of the other party's disclosure when offered solely to rebut or contradict such evidence.[41]

According to the Fifth Circuit, "[w]hen a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), the party is not allowed to use that information . . . to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless."[42] Courts in this Circuit consider the following four factors in determining whether a failure to disclose was harmless or substantially justified: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice.[43]

"The distinction between retained and non-retained experts should be interpreted in a common sense manner."[44] "While a retained expert is recruited to provide expert testimony without any prior, personal knowledge of the facts giving rise to litigation, a non-retained expert's testimony 'arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to

---

[41] Fed. R. Civ. P. 26(a)(2)(D).

[42] *In re Complaint of C.F. Bean LLC*, 841 F.3d 365, 372 (5th Cir. 2016) (*quoting* Fed. R. Civ. P. 37(c)(1)) (internal quotation marks omitted).

[43] *Logan v. Westfield Ins. Co.*, Civ. A. No. 17-29, 2020 WL 412216, at *8 (W.D. La. Jan. 24, 2020) (Brown, C.J.) (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)) (internal quotation marks omitted); *Hooks v. Nationwide Housing Sys., LLC*, Civ. A. No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016) (Barbier, J.) (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)). *See also, Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

[44] *Ferrara Land Management Mississippi, LLC v. Landmark American Insur. Co.*, Civ. A. No. 1:19cv956-HSO-JCG, 2021 WL 4819461, at *2 (S.D. Miss. July 19, 2021) (Ozerden, J.) (quoting *DiSalvatore v. Foretravel, Inc.*, Civ. A. No. 9:14-CV-00150-KFG, 2016 WL 7742996, at *2 (E.D. Tex. May 20, 2016) (Giblin, M.J.)) (internal quotation marks omitted); *See also, Cooper v. Meritor, Inc.*, Civ. A. No. 4:16-CV-52-DMB-JMV, 2018 WL 1513006, at *2 (N.D. Miss. Mar. 27, 2018) (Virden, M.J.); *Meier v. UHS of Delaware, Inc.*, Civ. A. No. 4:18-CV-00615, 2020 WL 923952, at *8 (E.D. Tex. Feb. 26, 2020) (Mazzant, J.).

the litigation.'"[45]  Often referred to in this Circuit as a "hybrid fact/expert witness," a non-retained expert under Rule 26(a)(2)(C) is typically limited to testifying about his opinions formed as a result of his knowledge of the case gained through direct observation.[46]  Stated another way, a hybrid witness can testify as "an actor with regard to the occurrences from which the tapestry of the lawsuit was woven."[47] "While non-retained experts may be asked questions that implicate their expertise, they cannot be asked to opine about broader issues beyond their own personal involvement unless they also submit written expert reports."[48]  Thus, the scope of a non-retained expert's testimony is limited to expert opinions based upon her personal knowledge and observations.[49]

### III.  ANALYSIS

The parties miss the forest for the trees in their briefing as to whether Plaintiffs complied with their Rule 26 disclosure obligations.  Plaintiffs are not calling Dr. Buono to testify. Period. The parties argue whether Plaintiffs complied with the Rule 26 disclosures, under Rule 26 (a)(2)(B) or Rule 26(a)(2)(C), but ignore the plain

---

[45] *Ferrara*, Civ. A. No. 1:19cv956-HSO-JCG, 2021 WL 4819461 at *2 (quoting *DiSalvatore*, Civ. A. No. 9:14-CV-00150-KFG, 2016 WL 7742996 at *2).  *See, United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, Civ. A. No. 1:06CV433-HSO-RHW, 2019 WL 6792774, at *2 (S.D. Miss. Dec. 12, 2019) (Walker, M.J.).

[46] *Ferrara*, Civ. A. No. 1:19cv956-HSO-JCG, 2021 WL 4819461 at *2 (citing *DiSalvatore*, Civ. A. No. 9:14-CV-00150-KFG, 2016 WL 7742996 at *2).

[47] *Tajonera*, Civ. A. No. 13-0366, 2016 WL 3180776 at *9 (quoting *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 n.34 (E.D. La. 2013) (Brown, J.)) (internal quotation marks omitted).

[48] *Ferrara*, Civ. A. No. 1:19cv956-HSO-JCG, 2021 WL 4819461 at *2 (citing *DiSalvatore*, Civ. A. No. 9:14-CV-00150-KFG, 2016 WL 7742996 at *2); *See, Spears v. United States*, Civ. A. No. 5:13-CV-47-DAE, 2014 WL 258766, at *8 (W.D. Tex. Jan. 23, 2014) (Ezra, J.) (*citing* Fed. R. Civ. P. 26(a)(2)(B) and 26(e)).

[49] *Ferrara*, Civ. A. No. 1:19cv956-HSO-JCG, 2021 WL 4819461 at *2 (quoting *StoneCoat of Texas, LLC v. Procal Stone Design, LLC*, Civ. A. No. 4:17CV303, 2019 WL 9899919, at *15 (E.D. Tex. June 28, 2019) (Craven, M.J.)).

language of Rule 26's heading, "Disclosure of Expert Testimony" and the rule which requires disclosure of "the identity of any witness may use at trial to present evidence . . . ."[50] Whether Plaintiffs have met the requirements under Rule 26(a)(2)(B) or Rule 26(a)(2)(C) is inconsequential because Plaintiffs are not calling Dr. Buono to testify at trial.

Defendants' reliance on Rule 702 is also misguided. Rule 702 provides, in pertinent part, that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may *testify* . . . ."[51] Plaintiffs do not intend to call Dr. Buono to testify at trial. Thus, Rule 702 is an improper procedural vehicle to challenge Dr. Buono's MRI Report. Instead, Defendants filed the instant Motion because "Dr. Lewine incorporates an MRI report by Dr. Buono dated March 29, 2025 into his expert report."[52] Defendants allege that Dr. Buono's MRI Report cannot "come into evidence either through Dr. Buono or through Jeffrey Lewine, Ph.D."[53] Having found Defendants' Rule 26 and Rule 702 arguments misplaced, the Court turns to Rule 705 as Defendants attack the predicate facts and data upon which Dr. Lewine's testimony is based.[54]

Titled "Disclosing the Facts or Data Underlying an Expert[,]" Rule 705 states that "[u]nless the court orders otherwise, an expert may state an opinion — and give the reasons for it — without first testifying to the underlying facts or data. But the

---

[50] Fed. R. Evid. 26(a)(2).
[51] Fed. R. Evid. 702 (emphasis added).
[52] R. Doc. 51-1 at p. 3.
[53] *Id.* at pp. 3–4.
[54] Fed. R. Evid. 705.

expert may be required to disclose those facts or data on cross-examination."[55] "While revealing the basis for an expert's opinion is allowed, such disclosure does not facilitate the admission of otherwise inadmissible evidence."[56] Justice Alito has explained that:

> These facts or data need not be admissible in evidence, and they are not admitted for the truth of what they assert. Instead, these facts or data *may*, under some circumstances, be disclosed to the jury for a limited purpose: to assist the jurors in judging the weight that should be given to the expert's opinion. However, this is not allowed unless the court determines that their probative value in helping the jury evaluate the expert's opinion substantially outweighs their prejudicial effect. And to prevent the jury from improperly relying on basis testimony for the truth of the matters it asserts, a judge *must* instruct the jury upon request to consider such evidence only to assess the quality of the expert's testimony (*i.e.*, to determine whether an expert's statements are reliable).[57]

Defendants contend that Dr. Buono's report should not be allowed into evidence as Plaintiffs "cannot use Dr. Buono's MRI report to bootstrap Dr. Lewine into giving what is really a medical causation opinion that he is not qualified to give."[58] In his deposition, Dr. Lewine testified:

> Q.  And did you review the MRI images separately from doctor Buono or with him?
> A.  No. I reviewed them separately from him.
> Q.  And did you make conclusions based on your review of the MRI images?
> A.  So I have—I have convergent opinions. So all the lesions he points out, I see as well.[59]

---

[55] *Id.*

[56] *Polythane Systems, Inc. v. Marina Ventures Intern., Ltd.*, 993 F.2d 1201, 1207 (5th Cir. 1993).

[57] *Smith v. Arizona*, 602 U.S. 779, 814 (2024)(Alito, J., concurring)(citation modified).

[58] R. Doc. 96 at p. 2.

[59] R. Doc. 85-2 at p. 12.

He further testified in the deposition:

Q.    Did you rely on Buono's reading of the MRI images?
A.    In my overall interpretation of things, yes.[60]

Accordingly, the Court defers engaging in a Rule 403 analysis until trial so that any evidentiary questions as to Dr. Buono's MRI Report, as referenced by Dr. Lewine, can be "resolved in the proper context."[61] Such ruling is also consistent with the Court's October 1, 2025 Order and Reasons on Defendants' Motion in *limine* to Exclude Dr. Lewine's testimony.[62]

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion in *Limine* to Limit Testimony of Dr. Darren Buono to that of a Fact Witness, to Exclude any Expert Opinions, and to Prevent any Mentions of his MRI Report [63] is **DENIED** as moot to the extent that it seeks to prevent the doctor from testifying. It is **DEFERRED** to the extent it seeks to exclude Dr. Buono's report in evidence at trial.

New Orleans, Louisiana, October 7, 2025.

*Wendy B Vitter*

**WENDY B. VITTER**
**United States District Judge**

---

[60] *Id.*

[61] *See Johnson v. City of New Orleans*, Civil Action No: 19-12272, 2025 WL 2265699, at *2 (E.D. La. Aug. 6, 2025)(Guidry, J.)("Courts typically reserve evidentiary rulings until trial so that questions as to the evidence may be resolved in the proper context.")(internal quotation marks omitted). The Court would also then be in a better position to instruct the jury to consider the evidence only to assess the quality of the expert's opinion, if requested.

[62] *See* R. Doc. 121 ("Defendants take issue upon the predicate facts in which Dr. Lewine's testimony is based – that the control group used to compare Cubbedge's DTI data does not include individuals with the same age, sex, and comorbidities as Cubbedge. Defendants are entitled to make this argument, but it is likewise for a jury to decide.").

[63] R. Doc. 51.