**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

PAUL GALLAND, ET AL.                                    CIVIL ACTION

VERSUS                                                  NO. 23-3392

HARVEY GULF INTERNATIONAL                               SECTION: D (5)
MARINE, LLC, ET AL.

**ORDER AND REASONS**

Before the Court is Plaintiff's Reurged Motion for Leave to Deposit Disputed Funds into the Registry of the Court Pursuant to Fed. R. Civ. P. 67, filed by Plaintiff Brennan Cubbedge.[1] Also before the Court is Plaintiff's Reurged Motion for Leave to Deposit Disputed Funds into the Registry of the Court Pursuant to Fed. R. Civ. P. 67, filed by Plaintiff Paul Galland.[2]  Plaintiffs seek to deposit funds "claimed by The Guardian Life Insurance Company of America ('Guardian') as reimbursement of certain long-term disability benefits paid."[3] Plaintiffs dispute Guardian's entitlement to these funds.[4]

Federal Rule of Civil Procedure 67(a) provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

---

[1] R. Doc. 209.

[2] R. Doc. 210.

[3] R. Doc. 209 at p. 1; R. Doc. 210 at p. 1. Guardian is not a named party in the above-captioned matter. Plaintiffs advise that "[d]uring the pendency of Plaintiff[s'] disability, Guardian paid long-term disability benefits to Plaintiff[s] pursuant to a group policy provided to [them] by Harvey Gulf International Marine as an employment benefit for which Plaintiff[s] paid certain premiums." R. Doc. 209 at p. 2; R. Doc. 210 at p. 2. According to Plaintiffs, Guardian now asserts that it is entitled to reimbursement of $49,516.74 in benefits paid for Brennan Cubbedge and $70,380.74 in benefits paid for Paul Galland. R. Doc. 209 at p. 2; R. Doc. 210 at p. 2.

[4] R. Doc. 209 at pp. 1–2; R. Doc. 210 at pp. 1–2.

> The depositing party must deliver to the clerk a copy of the order permitting deposit.[5]

"The purpose of a deposit under Rule 67 is to relieve the depositor of responsibility for the money or thing in dispute while the parties litigate their differences with respect to the res."[6] "Whether Rule 67 relief should be available in any particular case is a matter committed to the sound discretion of the district court."[7]

Initially, the Court notes that, by its very words, Rule 67(a) applies to "relief sought" and then orders that "a party—on notice to every other party . . . ."[8] Plaintiffs Paul Galland and Brennan Cubbedge named Harvey Gulf International Marine, LLC, HGIM Corp., and Harvey Energy, LLC as defendants in this matter.[9] Guardian was not a named defendant, nor was Guardian a party to the lawsuit in any other manner. Again, the Fifth Circuit has stated that the purpose of Rule 67 is "to relieve the depositor of responsibility for the fund in dispute while the *parties* hash out their differences with respect to it."[10] The parties in this matter litigated their difference. Now, Plaintiffs seemingly seek to deposit funds in this Court while they litigate a matter with Guardian, who was not a named party to this matter.

On February 9, 2026, the Court issued an Order of Dismissal in this matter, dismissing the above-captioned matter with prejudice pursuant to Fed. R. Civ. P.

---

[5] Fed. R. Civ. P. 67(a).

[6] *In re Craig's Stores of Texas, Inc.*, 402 F.3d 522, 530 (5th Cir. 2005)(Dennis, J., concurring in part, but otherwise dissenting).

[7] *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990)(citing *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474–75 (5th Cir. 1987)).

[8] Fed. R. Civ. P. 67(a).

[9] R. Doc. 1 at ¶ 2.

[10] *Cajun Elec. Power Co-op., Inc.*, 901 F.2d 444–45 (emphasis added).

41(a)(2).[11] Despite the parties' request,[12] the Court explicitly did not "maintain the exclusive jurisdiction to determine any disputes that may arise regarding the validity, interpretation, performance, breach or enforcement of the 'Receipt, Release and Indemnity Agreement' that was voluntarily executed by the parties in connection with the settlement of all of Plaintiff's claims in this matter"[13] in its Order of Dismissal.[14] Plaintiffs ask the Court to allow the funds to be deposited into the Court's registry "to preserve the disputed funds and permit the Court to determine whether Guardian has any legal entitlement to reimbursement."[15] Accordingly, the Court must have an independent basis for subject matter jurisdiction to adjudicate Plaintiffs' dispute against Guardian.[16] Plaintiffs have not demonstrated that an independent basis for subject matter jurisdiction over their dispute with Guardian exists.[17]

---

[11] R. Doc. 203.

[12] In a Joint Motion and Order of Dismissal with Prejudice, Plaintiffs and Defendants requested that the Court "maintain the exclusive jurisdiction to determine any disputes that may arise regarding the validity, interpretation, performance, breach or enforcement of the 'Receipt, Release and Indemnity Agreement' that was voluntarily executed by the parties in connection with the settlement of all of Plaintiff's claims in this matter." R. Doc. 202 at p. 1.

[13] R. Doc. 202 at p. 1.

[14] *See* R. Doc. 203. Importantly, the Court is not making a determination that, even if it had included that language, that such language alone would have provided a basis for it to adjudicate Plaintiffs' dispute with Guardian. Again, this was not the dispute at issue before the Court and Guardian was not a party to the issue that was before the Court.

[15] R. Doc. 210 at p. 3.

[16] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381–82 (1994)("When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2) . . . the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order . . . . Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.").

[17] *See* R. Docs. 209 and 210. Counsel advises that they filed the instant Motions to comply with their obligations under the Louisiana Rules of Professional Conduct. *See* R. Docs. 209 and 210. Counsel has other avenues to continue to uphold their ethical obligations.

Moreover, Plaintiffs' reliance on *Schafer Group, Ltd. V. Dep't of Treasury*[18] and *American Gulf VII v. Otto Candies*[19] is misplaced.  *Schafer Group, Ltd.* was an interpleader action where the funds being disputed were between the parties in the case.[20] Further, the Court in *Schafer Group, Ltd.* noted that the non-moving party "filed no opposition" to depositing the funds at issue into the registry of the Court.[21]

In similar vein, the funds disputed in *American Gulf VII* were also between the parties in the case.[22] Addressing the opposition to a Motion to Tender Funds into the Registry of the Court, that Court provided that:

> The gravamen of the opposition to the motion is that a Motion for New Trial was pending at the time the instant motion was filed, and thus the motion was "premature and this offer does not include all sums owed." However, as the Motion for New Trial has been resolved, these reasons are without force.[23]

The funds seemingly at issue now are funds being disputed by a non-party, and the Court thus exercises its discretion in determining that relief under Fed. R. Civ. P. 67(a) is inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Reurged Motion for Leave to Deposit Disputed Funds into the Registry of the Court Pursuant to Fed. R. Civ. P. 67,[24] filed by Plaintiff Brennan Cubbedge, is **DENIED.**

---

[18] *Schafer Group, Ltd. v. Department of Treasury, I.R.S.*, Civil Action No. 09–7675, 2012 WL 1069162, at *1 (E.D. La. Mar. 29, 2012)(Berrigan, J.).

[19] *American Gulf VII, Inc. v. Otto Candies, Inc.*, Nos. Civ. A. 94–3905, Civ. A. 95–1666, 1998 WL 32763, at *1 (E.D. La. Jan. 29, 1998)(Duval, J.).

[20] *Schafer Group, Ltd.*, 2012 WL 1069162, at *1.

[21] *Id.* at *4.

[22] *American Gulf VII*, 1998 WL 32763, at *1.

[23] *Id.*

[24] R. Doc. 209.

**IT IS FURTHER ORDERED** that Plaintiff's Reurged Motion for Leave to Deposit Disputed Funds into the Registry of the Court Pursuant to Fed. R. Civ. P. 67,[25] filed by Plaintiff Paul Galland, is **DENIED.**

New Orleans, Louisiana, June 5, 2026.

WENDY B. VITTER
**United States District Judge**

---

[25] R. Doc. 210.

5